In the Matter of NEW YORK NEWS, INC., et al., Petitioners. ROY M. COHN, Respondent.

First Department, November 25, 1985

## APPEARANCES OF COUNSEL

*Kenneth Richieri* for New York Times, petitioner.

*Marjorie T. Coleman* for New York News, Inc., petitioner.

*Patterson, Belknap, Webb & Tyler* for Roy M. Cohn, respondent.

## OPINION OF THE COURT

MURPHY, P. J.

At bar are the applications of the *New York Times* and the *Daily News* for an order, pursuant to Judiciary Law § 90 (10), directing the disclosure of all records in the disciplinary proceeding pending before this court against Roy M. Cohn. The statute, in part, provides: "Any statute or rule to the contrary notwithstanding, all papers, records and documents * * * upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney * * * shall be sealed and be deemed private and confidential. However, upon good cause being shown, the justices of the appellate

division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents. In the discretion of the presiding or acting presiding justice of said appellate division, such order may be made either without notice to the persons or attorneys to be affected thereby or upon such notice to them as he may direct * * * Without regard to the foregoing, in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records."

The issue is whether good cause exists to grant the order requested.

The Departmental Disciplinary Committee is this court's investigative and prosecutorial instrumentality in the court's oversight of the Bar in the First Judicial Department. The Committee, appointed by the court, is constituted of lawyers and lay persons, distinguished in their callings and known for their personal integrity and judgment. Their Committee work is unpaid, requires substantial time, and is often burdensome. In the Committee's hundred-year history, during which thousands of attorneys have appeared before it, the Committee has been nationally recognized as a model of integrity and industry. In any case, if the Committee were to have been established but a year ago, a good reputation for integrity and competence is essential to its work as this court's prosecutorial nominee. In that reputation, the public has a stake.

The applicant newspapers argue that the Departmental Disciplinary Committee has petitioned this court to disbar respondent Cohn, and that Mr. Cohn, having several times publicly accused a Committee panel of the corrupt prosecution of him upon meritless charges, is not entitled to the confidentiality with which Judiciary Law § 90 encloses the records of his disciplinary proceeding. In the main, the applicants rely upon two news articles published by the *Times,* the first on July 11, the second on November 17, 1985. Respondent Cohn's attorneys, who for themselves disclaim agreement with Mr. Cohn's accusations against the Committee panel, concede that Mr. Cohn twice appeared on television during July; he there attacked the Committee by statements of a kind similar to those made by him in the July 11 article. Of the accuracy of a November 18 *Daily News* report that Mr. Cohn stated on November 17 that "I'm now concentrating most of my efforts

on the people on the (disciplinary) committee and the people who put them there", the latter presumably an allusion to this court, no question is raised by Mr. Cohn's attorneys. In any case, our decision turns only upon the statements made by Mr. Cohn in the July 11 and November 17 articles of the *Times*.

In early July 1985, respondent Cohn, according to his attorneys, was informed by the *Daily News* that it had learned that a panel of the Departmental Disciplinary Committee had found him guilty of several charges of serious misconduct. Mr. Cohn thereupon invited the *New York Times* to interview him. In that lengthy interview, published by the *Times* on July 11, the day of the *Daily News'* brief news article describing the panel's findings, Mr. Cohn attacked the integrity of the Departmental Disciplinary Committee panel and, in a manner favorable to himself, described what he claimed were the charges against him and the evidence before the panel. Of the panel, Mr. Cohn said that "They're just out to smear me up", and that they were a "bunch of yo-yos" who were inspired by a political purpose in the disciplinary proceeding against him.

Thereafter, on November 16, following the filing of the Committee's petition to this court to disbar him, Mr. Cohn, then allegedly hospitalized, invited the *New York Times* to interview him. In that interview, given by Mr. Cohn after a November 10 *Daily News* article describing him as seriously ill, Mr. Cohn stated that the Departmental Disciplinary Committee panel, constituted of "deadbeat guys" who would never be appointed to a "significant job" by any "responsible authority", had conducted an investigation of him that was a "set up". The Committee panel, he said, were "a bunch of nobodies" who saw in Mr. Cohn "their chance to catch something of a big fish". The Committee had prosecuted him, he claimed, "on the basis of a couple of stale, garbage-pail cases", and they wanted "to do a job" on him. Mr. Cohn released to the *Times* transcripts of testimony of character witnesses who had given evidence before the panel. The *Times* report stated:

"Other witnesses, like Mr. Safire, sharply upbraided the panel for the timing of its investigation.

" 'One reason I am here is because I am incensed at the late hit, this campaign to race against time to get somebody who is not in good physical condition to defend himself,' he told the committee members. 'I think it is shameful and I think you all ought to feel that shame.' "

In our opinion, good cause to disclose the record of a disciplinary proceeding, if it is ever to be found to exist, exists in the matter at bar, and hence, the applications are granted. In granting them, we do not intimate any opinion concerning the merits of the Departmental Disciplinary Committee's petition to disbar respondent Cohn, and indeed we do not suggest any opinion concerning the merits of his accusations against the Committee panel. We address only the question whether a respondent may demand that the records of a disciplinary proceeding against him be kept confidential after he has publicly accused the disciplinary nominee of this court of having prosecuted him corruptly.

When it is shown that a respondent in a pending disciplinary proceeding has publicly accused the disciplinary instrumentality of this court of having been constituted of incompetents who prosecuted him for a political purpose, upon meritless charges, with the intent of "smearing him", all of which respondent Cohn uttered in the *Times'* July 11 article, good cause has been proved for entry of an order opening the records of that proceeding for public examination. As it cannot lie in the mouth of such a respondent that he may accuse the Committee members of disbarrable offenses by them in their prosecution of him, and yet keep the record of that proceeding beyond public examination upon a claim of statutory confidentiality, it could not have been the Legislature's intent that a respondent's right to confidentiality would extend beyond his making of such an attack upon the Committee's members. Hence, by his attack upon the Committee panel in the July 11 issue of the *Times,* respondent Cohn, without more, disentitled himself to the confidentiality granted by the statute, his attacks upon the Committee panel in the *Times'* issue of November 17 having been only enlargements of that July 11 attack. In short, respondent Cohn may not both publicly attack the Committee panel for having corruptly prosecuted him, and closet from public view the record of the proceeding before the Committee. Such an advantage, leaving the target of an attack helpless, is not favored by the law.

Accordingly, an order should be entered disclosing all papers, records and documents in the disciplinary proceeding pending in this court against respondent Cohn.

SANDLER, BLOOM, FEIN and ROSENBERGER, JJ., concur.

Applications for an order directing disclosure of all records

in the disciplinary proceeding pending before this court granted.